## McSLOOP v. RICHMOND & D. R. CO.

(Circuit Court, W. D. North Carolina.   December 15, 1893.)

1. CARRIERS OF PASSENGERS—ALIGHTING FROM TRAINS—QUESTION FOR JURY.
   It is the duty of railroad companies to have safe and convenient places for the alighting of passengers, and to stop trains for a reasonable time for that purpose, and what is a reasonable time in each case is a question for the jury.

2. SAME—CONTRIBUTORY NEGLIGENCE.
   As a general rule, passengers cannot properly get off a moving train except by direction of the conductor; but when a train stops at a station without allowing a reasonable time for passengers to alight, one who gets off as it is slowly starting, and is injured thereby, is not guilty of contributory negligence.

At Law.   Action by J. M. McSloop against the Richmond & Danville Railroad Company to recover damages for injuries sustained by the alleged negligence of the company.

Jones & Tillett, H. Clarkson, and C. N. Duls, for plaintiff.
George F. Bason and R. B. Glenn, for defendant.

DICK, District Judge, (charging jury.)   The plaintiff had purchased a ticket from the agent of the defendant, which authorized him to expect that he would be safely transported from Charlotte to Harrisburg, a station eight miles distant on defendant's railway. It was the duty of the railway company to have a safe place, with convenient surroundings, for the departure of passengers; to stop the train at such place, and remain there a reasonable time to allow those to get off who wished to do so.   What is a reasonable time for the departure of passengers is a question of fact for the jury to determine after considering the evidence in the case.   In his testimony the conductor said that he knew that there were several passengers on the train who expected to get off at Harrisburg.   He should have seen them off safely, or have allowed them sufficient time to get off, without hazard, with the baggage they had in their possession on the cars, with his express or implied assent.

The surroundings at a railway station must be such as not to retard, mislead, or hazard the safety of passengers in their departure from the train.   As a general rule, a passenger cannot properly get off a moving train, unless so directed by the conductor, whose experience teaches him when a passenger can make a safe departure.

But if the train stops, and does not remain a reasonable time, and a passenger, to avoid being carried beyond his destination, gets off a slowly starting train, and he is thus injured, he is not guilty of con tributory negligence. If, however, the train only "slows up," and does not stop, and is moving with accelerating speed, and a passenger had knowledge, or by reasonable observation might have obta'ned knowledge, of such increasing movement, and he jumped off, and is injured, he is guilty of contributory negligence, and cannot recover damages. We had an illustration of the application of this last-mentioned principle of law in a case tried in this court to-day, where a companion of the plaintiff brought an action to recover damages for injuries received, and he failed to obtain a verdict, as the evidence showed that he jumped off the train after he had seen the plaintiff in this case fall in his effort to alight.

. The evidence in this case shows that at the station there was a freight train on the side track, alongside the passenger train, and both the plaintiff and his companion, when they went on the platform for departure, thought that the passenger train had stopped, and that the freight train before them was slowly moving. You have heard the conflicting evidence as to whether it was night or twilight when the accident occurred, and you can determine what opportunity the plaintiff had of seeing the ground and surrounding objects so as to guard against danger. The plaintiff had a ticket for Harrisburg. The signal whistle was sounded, and the porter called out the name of the station. The plaintiff had a right to presume that the train would stop at Harrisburg; and if he believed, and under the circumstances had good reason for believing, that the train was not moving, and he got off, and was injured, he is entitled to recover reasonable compensatory damages. The evidence is conflicting as to the stopping of the train. If it stopped, and the defendant did not have reasonable time to get off, and the train was slowly starting, and he stepped down, and was injured, he was not guilty of contributory negligence. If you are satisfied from the evidence that the train did stop, then you can consider whether the stop was sufficient for five or six passengers to get off safely, and have their checked baggage delivered, and carry with them a reasonable quantity of bundles and packages which they had in their own possession on the train.

If under the instructions which I have given you as to questions of law, you are satisfied from a preponderance of the evidence that the plaintiff is entitled to recover, then you can assess reasonable compensatory damages. In fixing the amount of such damages you can consider the physical pain and injury sustained, and the mental suffering of plaintiff arising from apprehension of great bodily harm and imminent danger to his life while prostrate close to the track of the moving train.

It is your province to determine the amount of damages, but they must be reasonable. If, in the opinion of the court, the damages assessed are excessive, the court can reduce them, with the consent of the plaintiff, or grant a new trial. If you think from the evidence that the plaintiff is entitled to recover, then I hope there will be no

disagreement in opinion between the court and jury as to the reasonable amount of damages.

I decline to give, in the order presented, the specific written instructions requested by counsel of defendant, as I am of opinion that they have been substantially covered by my charge to you.